IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PHILLIP DEWAYNE STEWART**                                         **PLAINTIFF**
**ADC #80429**

v.                      **Case No: 4:23-CV-00860-JM**

**KATIE CRAWFORD,** *et al.*                                        **DEFENDANTS**

## **ORDER**

Plaintiff Phillip Stewart, currently in custody at Pulaski County Detention Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Mr. Stewart's complaint must be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA").

Under the three-strikes provision of the PLRA, a prisoner's *in forma pauperis* action must be dismissed, *sua sponte* or upon a motion of a party, if the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Mr. Stewart has had three prior civil actions dismissed for failure to state a claim upon which relief may be granted. *See Stewart v. Hobbs, et al.*, 5:13-CV-00381-JLH (E.D. Ark.); *Stewart v. Hobbs, et al.*, W.D. Ark. Case No. 6:15-CV-6023-PKH; *Stewart v. Evans*, 5:16-cv-00081-DPM (E.D. Ark.); and *Stewart v. Griffen, et al.*, 4:17-cv-00579-BRW (E.D. Ark.). Mr. Stewart nonetheless

may proceed *in forma pauperis* if he establishes that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Mr. Stewart alleges that he received ineffective assistance of counsel. (Doc. 1 at 4–10). The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury . . . ." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Nothing in Mr. Stewart's complaint indicates that he faces an imminent danger; therefore, that exception does not apply. *Dilworth,* 147 F.3d at 717.

IT IS THEREFORE ORDERED THAT:

1. Mr. Stewart's complaint is DISMISSED WITHOUT PREJUDICE. Should he wish to continue this case, Mr. Stewart must submit the statutory filing and administrative fees of $402 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2. It is CERTIFIED that an *in forma pauperis* appeal from this order or any judgment entered hereunder would not be taken in good faith.

IT IS SO ORDERED this 18th day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE